**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5034**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DISTANCE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, District Judge. (1:08-cr-00597-JFM-1)

Submitted:  November 17, 2010          Decided:  December 9, 2010

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, THE LAW OFFICES OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Traci L. Robinson, Special Assistant United States Attorney, Noah Grynberg, Third-Year Law Clerk, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Michael Distance for possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Distance to 210 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Distance argues that the district court erred in denying his motion for disclosure of the identity of the confidential informant. This court reviews a district court's decision to deny a motion for disclosure of a confidential informant's identity for abuse of discretion. United States v. D'Anjou, 16 F.3d 604, 609 (4th Cir. 1994). The government has a qualified "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957) (citation omitted). However, the "identity of such an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense." Id. at 62.

In determining whether to require disclosure, a district court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. In making this determination, the

2

court should consider the circumstances of the case, including (1) the crime charged, (2) the defendant's possible defenses, (3) the possible significance of the informer's testimony, and (4) any other relevant factors.  Id.  The defendant bears the burden of demonstrating that the Roviaro criteria apply in favor of disclosure.  D'Anjou, 16 F.3d at 609.  Moreover, "[t]he defendant must come forward with something more than speculation as to the usefulness of such disclosure."  United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985).  The court should order disclosure only after finding that the informant's testimony would be "highly relevant."  Id.

Moreover, "[w]e have drawn a distinction in applying Roviaro between informants who are participants in a criminal transaction, and those who are mere tipsters."  United States v. Mabry, 953 F.2d 127, 131 (4th Cir. 1991) (internal quotation marks and citation omitted).  This court has determined that disclosure is required where the informant is an active participant in the crime, "particularly where [she] helps set up the criminal occurrence."  McLawhorn v. North Carolina, 484 F.2d 1, 5 (4th Cir. 1973).  However, we have cautioned that "it would be a mistake to get caught up in the semantics of whether an informant was in 'tipster' or 'participant' status."  Mabry, 953 F.2d at 131 (citing United States v. Brinkman, 739 F.2d 977, 981 (4th Cir. 1984)).  The key is balancing the competing interests

3

in light of the circumstances of the case.  Id.  Having reviewed the record in light of the relevant legal authorities, we conclude that the district court did not abuse its discretion in denying Distance's request for disclosure of the confidential informant's identity.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED